**In the Matter of Thelma WELLS d/b/a Wells Insurance Agency f/k/a Charles Wells Insurance Agency, Debtor.**

**Bankruptcy No. 81–03682–SW.**

United States Bankruptcy Court,
· W. D. Missouri,
Southwestern Division.

Jan. 19, 1982.

John A. Koepke, Kansas City, Mo., for debtor.

## ORDER DENYING DEBTOR'S APPLICATION TO TRANSFER CASE TO THE WESTERN DIVISION

DENNIS J. STEWART, Bankruptcy Judge.

The debtor has moved to transfer the above and foregoing chapter 7 bankruptcy case to the Western Division of this District from the Southwestern Division, where it has necessarily been filed according to the rules governing divisional venue. In support of the application, as it was initially filed, the debtor avers that the majority of the creditors "can be more conveniently dealt with (in) the Western Division"; that "petitioner's attorneys are located in the Kansas City metropolitan area"; and that "potentially complex adversary actions will be brought in this proceeding by the Internal Revenue Service, Federal Bureau of Investigation, Missouri Commissioner of Finance, Federal Deposit Insurance Corporation and perhaps other state and federal agencies all with their regional or central offices located in Kansas City, Missouri."

■ While this court routinely directs interdivisional transfers where it can be demonstrated that the debtor or an unquestionable majority of the creditors resides in another division than the one in which the case has been filed. But, in this case, a review of the schedules themselves tended to show that a majority of the creditors, as well as the debtor, reside in or around the Southwestern Division. It was therefore necessary for the court to grant notice to the affected creditors and to the interim trustee, appointed on filing, before it could lawfully direct any transfer in accordance with the application. See Rule 116(b)(1) of the Rules of Bankruptcy Procedure providing for transfer between districts or divisions "after hearing on notice to the petitioner or petitioners and such other persons as it may direct, in the interest of justice and for the convenience of the parties."

■ Therefore, on December 21, 1981, the court directed the interim trustee and the affected creditors to show cause in writing within 12 days why these chapter 7 proceedings should not be transferred to the Western Division of this District sitting in Kansas City. A creditor, Howard McCorkle, has responded to point out that "nearly one half ... of the creditors, including the movant, reside in or near (the) Southwestern Division, and of the remaining creditors, none appear to reside in the Western Division"; that "it would work an economic hardship on the creditors, including this movant, to be forced to travel to or pay counsel to travel to Kansas City, Missouri, to represent their interests in this possibly complex case; and that "the debtor dealt with and was allegedly extended credit by creditors and movant in said Southwest(ern) Division."

In suggestions in opposition to the creditor McCorkle's objection, the debtor states that "Howard McCorkle is the only creditor to have filed timely suggestions to the show cause order opposing transfer"; that "Howard McCorkle is an unsecured creditor in the amount of $35,000.00 where the total unsecured claims amount to $899,613.64, and ... Mr. McCorkle's claim constitutes

only three percent ... of the total outstanding unsecured claims"; that no other objections have been filed by the creditors or the interim trustee; and that "due to the complexity of the adversary actions which are inevitably to result in this case involving the Internal Revenue Service, the Federal Bureau of Investigation, Missouri Commissioner of Finance, and the Federal Deposit Insurance Corporation, all of which have their regional and central offices located in Kansas City, Missouri, the convenience of the majority of the parties will be served by transfer of the above-referenced case to the Western Division."

But these possible adversary actions are not now before the court. If and when they are filed, the court may consider, on appropriate motion, the transfer of those actions, one or all, to a different division based upon the interest of justice and the convenience of the parties and witnesses as those ingredients are made to appear in those future actions. The only matter before the court at the present juncture is the interest of justice and the convenience of the parties in the proposed transfer of the administration of the bankruptcy case, and its meetings of creditors, to Kansas City. And when, as noted above, the files and records demonstrate that nearly a majority of the creditors actually reside within the Southwestern Division and that an actual majority reside in and around that division, a compelling reason for transfer should be stated in order to warrant the proposed transfer. The possible complexity of future actions involving agencies in Kansas City cannot constitute such a reason for, as noted above, the court may undertake separately to consider whether the individual adversary actions, once filed, should be so transferred. The fact that the petitioner's counsel is in Kansas City cannot constitute such a reason for it is rudimentary that it is the convenience of the *parties* which is to be considered, rather than that of their counsel. And the fact that only one creditor has tendered an objection in response to the order of the court does not absolve the court from its duty of directing the transfer or retention of the case in the Southwestern Division according to the standards set forth in Rule 116(b)(1). It appears from the considerations currently stated by the movant and from the files and records in the case that the interest of justice and the convenience of the parties would be served by retention of the case in the Southwestern Division.

It is therefore, accordingly,

ORDERED that the debtor's application to transfer this case to the Western Division from the Southwestern Division be, and it is hereby, denied.